UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL W. CUNNINGHAM,<br><br>               Petitioner,<br><br>     v.<br><br>RON VAN BOENING,<br><br>               Respondent. | Case No.  C10-5066RJB/JRC<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**SEPTEMBER 3, 2010** |

     This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

     Petitioner seeks relief from a disciplinary hearing in which he lost 540 days of good conduct time; he also contends he did not receive all earned early release time credits on two stays at the Pierce County Jail.  While, arguably, one of the issues regarding jail earned time is exhausted, both jail earned time issues are without merit.

REPORT AND
RECOMMENDATION - 1

Petitioner's claim for relief from the disciplinary hearing does not warrant federal habeas relief because the issue is a matter of state law, not a violation of any right guaranteed by the United States Constitution. Moreover, any defect in the 1993 sanction was cured in 2009, when the person holding the functional equivalent of the Director of the Division of Prisons approved the sanction.

## BASIS FOR CUSTODY

Petitioner was convicted in Pierce County Superior Court of first degree manslaughter, second degree assault, first degree burglary, second degree possession of stolen property, and unlawful possession of a controlled substance. The sentences ran concurrently, with the longest sentence being 116 months for manslaughter (Dkt. # 14, Exhibit 2A and B). Within a few weeks of conviction, he was again brought to trial on an unrelated charge of first degree robbery while armed with a deadly weapon (Dkt. # 14, Exhibit 1). He was sentenced to 195 months confinement, to run consecutively to the first set of convictions. After serving the entire 116-month manslaughter conviction, thus completing his first set of convictions, petitioner challenged the manslaughter conviction. The conviction was overturned without prejudice to the state. Petitioner was recharged with manslaughter and returned to county jail to stand trial. He eventually pled guilty to the manslaughter charge and was sentenced to 120 months with time credited for the 116 months he had served. The manslaughter conviction has been served and petitioner is now serving his consecutive robbery conviction. The earliest release date for Mr. Cunningham is currently May 19, 2014 (Dkt. # 14, Exhibit 3).

## FACTS

The Washington Supreme Court summarized the facts relating to jail time credits in Cunningham's case as follows:

REPORT AND
RECOMMENDATION - 2

> Carl Cunningham was convicted in 1992 of first degree manslaughter, second degree assault, first degree burglary, second degree possession of stolen property, and possession of a controlled substance, for which he received a total prison sentence of 116 months. The Pierce County Jail certified that prior to sentencing Mr. Cunningham had served 185 days in jail and had earned 28 days of early release credits. Mr. Cunningham completed his sentence in December 2000, and he immediately began serving a 195-month sentence on an unrelated robbery conviction. Mr. Cunningham later filed a personal restraint petition challenging his manslaughter conviction, arguing he was improperly convicted of that crime as a lesser included offense of the original charge of second degree felony murder. This court agreed and remanded to the superior court in 2006 to vacate the manslaughter conviction without prejudice to the State recharging that offense. Mr. Cunningham was taken from prison to the Pierce County Jail for the remand proceedings, where the manslaughter conviction was vacated without prejudice. The State subsequently charged Mr. Cunningham with first degree manslaughter and again transferred him to county jail pending the disposition of that charge.
>
> Mr. Cunningham eventually pleaded guilty to the renewed manslaughter charge, and in June 2007, the superior court imposed a sentence of 120 months. The court credited Mr. Cunningham with his original presentence jail time and all of the prison time he had served on the original manslaughter conviction. But the court did not credit him with any of the time he spent in jail awaiting vacation of the manslaughter conviction and disposition of the renewed manslaughter charge because during that time Mr. Cunningham was still serving his sentence on the unrelated robbery conviction. When Mr. Cunningham was returned to prison, the Department of Corrections adjusted his release date on the manslaughter conviction to reflect the 4 months added to the original 116-month sentence, for a new release date of April 26, 2001.

(Dkt. # 14, Exhibit 12). During the time Mr. Cunningham was in county jail in 2007, he was serving time on his burglary conviction. Thus, although he was in county jail, he was under the jurisdiction of the Department of Corrections (DOC). DOC, and not the county jail, had the authority to make decisions regarding earned early release credits.

With regard to the prison disciplinary hearing that is at issue, the respondent has set forth the facts as follows:

> The DOC received custody of him on July 28, 1992. Appendix 3, at 2, lower left ("NEW COMMITMENT"). He immediately began serving his 10-year sentence—commitment AA. Appendix 4, lower right.
>
> On July 29, 1993, while still serving commitment AA, the DOC alleged that Cunningham violated WAC 137-25-030(505), "Fighting with any person," WAC 137-25-030(650), "Rioting," WAC 137-28-260(651), "Inciting others to riot" and

REPORT AND
RECOMMENDATION - 3

1     WAC 137-25-030(652), "Engaging in or inciting a group demonstration," and WAC
      137-25-030(704), "Assault on a staff member." Appendix 5, Serious Infraction
2     Report. The report, by Corrections Officer (CO) Windle, states that Cunningham was
      observed fighting with Inmate West during a disturbance involving about 188
3     inmates. He was also encouraging other inmates to help him. Additionally, the report
      states that Cunningham struck Inmate West with a closed fisted while being cuffed
4     up. *Id.*

5     The DOC held Cunningham's disciplinary hearing on August 3, 1993.
      Appendix 7, Disciplinary Hearing Report. Cunningham pled not guilty to the
6     infractions and stated that it was mistaken identity. *Id.* After reviewing all evidence,
      the hearing officer found Cunningham guilty of all infractions. *Id.* The hearing officer
7     sanctioned Cunningham to a loss of 540 days good conduct time and 30 days
      segregation. *Id.*
8
9     Cunningham appealed his sanction. The superintendent then dismissed the
      704 violation but approved the other three violations as well as the original sanction.
10    Appendix 5, at 1, bottom of page.

11   (Dkt. # 14, Exhibit 24, pages 2 through 4).

12                               PROCEDURAL HISTORY

13           Petitioner challenged not receiving earned time for time he was in the Pierce County Jail in a

14   personal restraint petition filed with the Washington State Supreme Court (Cause Number 81446-5).

15   He also challenged the loss of 540 days of good time in this petition on the grounds that he did not

16   receive witness statements and because the sanction was not approved by the Director of the Division

17   of Prisons (Dkt. # 14, Exhibit 16).  After briefing, this matter was transferred to the Washington State

18   Court of Appeals and given cause number 138208-3-II (Dkt. # 14, Exhibit 18).  The Department of

19   Corrections was the named respondent.  The court dismissed the petition, holding that there was no

20   constitutional violation and that state law was properly applied (Dkt. # 14, Exhibit 19).  With regard

21   to the disciplinary hearing the Washington State Court of Appeals found that the officers had

22   submitted written statements by submitting their infraction reports (Dkt. # 14, Exhibit 19, pages 2

23   and 3).  However, in addressing the sanction resulting from the disciplinary hearing, the court

24   incorrectly applied a newer version of the Washington Administrative Code (WAC) that allowed the

25   superintendent of a facility to approve a 540-day loss of good time.

REPORT AND
RECOMMENDATION - 4

Petitioner filed a motion for reconsideration addressing only the sanction (Dkt. # 14, Exhibit 20). This motion was transferred to the Washington State Supreme Court to be handled as a motion for discretionary review. It was assigned cause number 82434-7 (Dkt. # 14, Exhibit 23, Order for additional briefing). Under a state law analysis, the Washington State Supreme Court held that although the Washington Court of Appeals had used the wrong version of the WAC, the issue was mooted on March 13, 2009, when the Assistant Secretary of the DOC approved the sanction against Mr. Cunningham. While the WAC in effect in 1993—when the sanction was first administered—called for the authorization of the "Prison Director" for any revocation of good time, the position no longer exists and has been replaced with the equivalent "Assistant Secretary" position (Dkt. # 14, Exhibit 4). Thus, the court held that it was sufficient to obtain the Assistant Secretary's authorization. The document approving the sanctions is in the record (Dkt. # 14, Exhibit 24, Appendix 11).

While the first personal restraint petition was still pending, petitioner filed a second personal restraint petition in the Washington State Supreme Court attempting to again litigate the jail earned-time issues. In this petition, he named the Pierce County Jail as the respondent. The petition was assigned cause number 81936-6 and was denied on the merits in the Washington State Supreme Court (Dkt. # 14, Exhibit 12). The court found that for his first stay, the jail had certified 28 days of earned time and that petitioner failed to show he was entitled to any further grant of earned time.

For his second stay, during re-trial, petitioner was serving his burglary conviction and was not entitled to double credit for the time served (Dkt. # 14, Exhibit 12). Further, because during his second stay petitioner was committed to the DOC and serving a sentence, the Pierce County Jail had no authority to grant him earned early release time. This was the province of the DOC. The Supreme Court declined to make the Department of Corrections a respondent on the earned time issue stating that Mr. Cunningham could file a new personal restraint petition, (apparently the court

REPORT AND
RECOMMENDATION - 5

was not aware of Mr. Cunningham's other personal restraint petition in the Washington Court of Appeals).

Petitioner then attempted to file a third personal restraint petition challenging failure to receive earned time and named the Department of Corrections as the respondent (Dkt. # 14, Exhibit 29). The petition was assigned cause number 83216-1. The Washington State Supreme Court considered the petition and in light of the first petition that was transferred to the Washington Court of Appeals and given cause number 138208-3-II, the court found the filing second and successive under state law and would not consider it (Dkt. # 14, Exhibit 31).

## EVIDENTIARY HEARING NOT REQUIRED

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing in this court shall not be held unless the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that there is no reason to conduct an evidentiary hearing.

**STANDARD OF REVIEW**

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**DISCUSSION**

A.    *Exhaustion*.

The respondent, acting through the Attorney General's Office, argues that petitioner did not exhaust his claims relating to earned time in the Pierce County Jail. A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing his petition in federal court. A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364 (1995). In order to bring a ground for relief to this court, petitioner must have exhausted the claim at every level

of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts. Id. *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). The petitioner must present the claims to the state's highest court, even where such review is discretionary. O'Sullivan v. Boerckle, 526 U.S. 838, 845(1999); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995).

Petitioner's personal restraint petition naming the Department of Corrections as a respondent contains unexhausted claims. The Washington State Court of Appeals ruled on the merits, but petitioner only sought reconsideration on the disciplinary hearing sanction process. Thus, the petitioner abandoned the other issues, and therefore, prevents federal review of this claim. (Dkt. #14, Exhibit 23, Order for additional briefing).

Petitioner's personal restraint petition naming the Pierce County Jail as a respondent only challenged earned early release credits. The court divided the petition into petitioner's two stays in the jail. As to the first stay in county jail, the court determined, under a state law analysis, that the jail had credited petitioner with 28 days of earned time during his first stay and that the petitioner had failed to show he was entitled to any further relief (Dkt. # 14, Exhibit 12). Thus, the state's highest court considered this part of the jail credit issue in an original petition. As to the second stay in county jail, the court determined that the Pierce County Jail was not the proper respondent. When petitioner attempted to revive the claim by filing a third petition, naming the Department of Corrections as the respondent, it was procedurally barred as second or successive. The first half of petitioners claim is exhausted; the second half is not.

B.  *Procedural Bar*.

The second half of the earned early release credits issue—time spent in county jail on retrial for manslaughter -- is procedurally barred in state court as second or successive, as is the issue of witness statements at the disciplinary hearing (Dkt. # 14, Exhibit 31). When a state

prisoner defaults on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice, or show that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750-51 (1991).  Federal habeas review is also barred where the petitioner has not exhausted state remedies but the state's highest court would now find the claim to be procedurally barred. Coleman, at 733; Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993).

Petitioner cannot show cause and prejudice because nothing the state did prevented him from filing a motion for discretionary review that contained all his issues.  He has made no showing that a fundamental miscarriage of justice has occurred in this case. The earned early release credit claim associated with petitioner's second stay at the Pierce County Jail and the clam relating to witness statements in the disciplinary hearing are procedurally barred.

    C.    *On the Merits.*

        1.    Jail certification of earned early release time.

An inmate has no constitutional right to be released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).  Nor does an inmate have a federal constitutional right to reduction of a sentence through good time or earned time credits.  Id. at 8-11.  Where a state chooses to credit an inmate and actually shortens the sentence, the inmate has a liberty interest and the shortened sentence may not be lengthened without due process of law.  Wolff v. McDonnell, 418 U.S. 539 (1974).  Here, petitioner's sentence was not shortened.  He argues he is entitled to earned early release credits at the rate of 33 percent of 185 days he spent in the Pierce County Jail.  Thus, he claims he should have received additional days of credits.  When he was transferred to DOC he was only credited with 28 days of earned time.

REPORT AND
RECOMMENDATION - 9

The state court considered this ground for relief and held that petitioner failed to show that he was prejudiced or entitled to more earned time (Dkt. # 14, Exhibit 12). The court cited to no federal law and the discussion is based on state statue and jail policy, not the United States Constitution. The court agrees that this is a matter of a state court's interpretation of its own state law and regulations.

A federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984). This ground for relief is without merit and the court recommends the ground for relief be DENIED.

   2.   *Loss of goodtime.*

The issues related to witness statements are unexhausted because the petitioner did not address them to the state's highest court. Further, after examining the record, those issues are frivolous on the merits as the statements – infraction reports—were submitted. The only remaining issue is whether the sanction was proper when it was not approved by the Director of the Division of Prisons. There is no constitutional right to an appeal from a disciplinary sanction or to have a sanction approved at the highest level of the DOC. This is completely a matter of state law. Further, any defect in the 1993 hearing was cured in 2009, when the Assistant Secretary of the Department of Corrections approved the sanction.

Petitioner argues that he has a due process right to have the state follow its own procedural rules and cites In re Cashaw, 123 Wn. 2d 138 (1994) and its progeny for that proposition. The Washington State Supreme Court in Cashaw found no violation of any right

REPORT AND
RECOMMENDATION - 10

owed the petitioner under the United States Constitution In re Cashaw, 123 Wn. 2d at 144-48 (discussing the difference between mere procedural rules and substantive law which can give rise to a liberty interest). The decision in Cashaw is based wholly on a state's interpretation of its own state law and is not inconsistent with this court's recommendation..

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c) (3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

For the reasons stated above the court recommends this petition be DENIED. Petitioner's first ground for relief regarding jail time credits is without merit as the County jail credited him with 28 days and he failed to show he was entitled to more. The second ground for relief regarding jail time credits is unexhausted. Further, the DOC and not Pierce County Jail had the ability to grant or withhold earned time during the time frame petitioner was in jail awaiting re-trial on his manslaughter charge.

Petitioner's arguments regarding the disciplinary hearing in which he lost 540 days of good time credit are also without merit. His claim regarding witness statements is unexhausted

REPORT AND
RECOMMENDATION - 11

1  and frivolous given that the statements of the infracting officers were presented in the incident
2  reports. The claim regarding the sanction is a matter of state law and was considered on the
3  merits by the State's highest court.
4
5  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
6  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
7  6. Failure to file objections will result in a waiver of those objections for purposes of appeal.
8  Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the
9  clerk is directed to set the matter for consideration on September 3, 2010, as noted in the caption.
10
11  DATED this 9th day of August, 2010.
12
13
14  J. Richard Creatura
15  United States Magistrate Judge

REPORT AND
RECOMMENDATION - 12