UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL W. CUNNINGHAM

          Petitioner,

  v.

RON VAN BOENING,

          Respondent.

Case No. 10-5066RJB/JRC

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura (Dkt. 16). The Court has considered the Report and Recommendation, the Petitioner's Objections to Report and Recommendation, and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 17, 2010, Petitioner Cunningham filed a Petition for writ of habeas corpus (Dkt. 3). On August 9, 2010, Magistrate Judge J. Richard Creatura issued a Report and Recommendation (Dkt. 16). On August 17, 2010, Petitioner Cunningham filed his objections to the Report and Recommendation (Dkt. 17).

Petitioner was convicted in Pierce County Superior Court of first degree manslaughter, second degree assault, first degree burglary, second degree possession of stolen property, and unlawful possession of a controlled substance. Dkt. 16, p. 2. The Petitioner's sentences ran concurrently, with the longest being 116 months for manslaughter. *Id*. The Petitioner was brought to trial again for an unrelated charge of first degree robbery while armed with a deadly

ORDER - 1

1  weapon. *Id*. He was sentenced to 195 months confinement, to run consecutively to the first set
2  of convictions. *Id*.

3  After serving the entire 116-month manslaughter conviction, he challenged his
4  manslaughter conviction. Dkt. 16, p.2, 3. The conviction was overturned without prejudice to
5  the state. *Id*. Petitioner was recharged with manslaughter where he eventually pled guilty to the
6  manslaughter charge and was sentenced to 120 months with time credited for the 116 months he
7  had already served. *Id*. The superior court credited the Petitioner with his original presentence
8  jail time and all of the prison time he had served on the original manslaughter conviction. Dkt.
9  16, p. 3. The court did not credit him with any of the time he spent in jail awaiting vacation of
10 the manslaughter conviction and disposition of the renewed manslaughter charge because during
11 that time he was still serving his sentence on the unrelated robbery conviction. *Id*.

12 While serving his initial conviction, Petitioner was involved in an incident where he was
13 charged with numerous infractions, including, among other things, fighting, rioting, and inciting
14 others to riot. Dkt. 16, p. 3-4. After a disciplinary hearing, Petitioner was found guilty of all
15 infractions. Dkt. 16, p. 4. The hearing officer sanctioned Petitioner to a loss of 540 days good
16 conduct time and 30 days segregation. *Id*. Petitioner appealed his sanction. *Id*. The
17 superintendent dismissed one infraction, but approved the others as well as the original sanction.
18 *Id*.

19 In a personal restraint petition filed with the Washington State Supreme Court naming
20 the Department of Corrections as respondent, Petitioner challenged his not receiving earned time
21 for the time he was in the Pierce County Jail. Dkt. 16, p. 4. Additionally, he challenged the loss
22 of 540 days of good time on the grounds that he did not receive witness statements and because
23 the sanction was not approved by the Director of the Division of Prisons. *Id*. The matter was
24 transferred to the Washington State Court of Appeals. Id. The court dismissed the petition,
25 holding that there was no constitutional violation and the state law was properly applied. *Id*.

26 Petitioner filed a motion for reconsideration addressing only the sanction, and the matter
27 was transferred to the Washington State Supreme Court for discretionary review. Dkt. 16, p. 4-
28 5. The Washington Supreme Court held that although the Washington Court of Appeals had

ORDER - 2

used the wrong version of the Washington Administrative Code ("WAC"), the sanction issue was mooted when the Assistant Secretary of the Department of Corrections ("DOC") approved the sanction against the Petitioner. Dkt. 16, p. 5. It was explained that while the WAC in effect in 1993, when the sanction was first administered, called for the authorization of the "Prison Director" for any revocation of good time, the position no longer exists and has been replaced with the equivalent "Assistant Secretary" position. *Id*. The court held that it was sufficient to obtain the Assistant Secretary's authorization. *Id*.

While the first personal restraint petition was still pending, Petitioner filed a second personal restraint petition with the Washington Supreme Court naming Pierce County Jail as respondent, attempting to again litigate the jail earned time issues. Dkt. 16, p. 5. The court found that for his first stay at Pierce County Jail, the jail had certified 28 days of earned time and that petitioner failed to show that he was entitled to any further grant of earned time. *Id*. For his second stay, during re-trial, petitioner was serving his burglary conviction and was not entitled to double credit for the time served. *Id*. Further, the Pierce County Jail had no authority to grant him earned early release time because during his second stay, petitioner was committed to the DOC and was serving a sentence. *Id*. Petitioner then filed a third personal restraint petition naming the Department of Corrections as respondent, challenging the failure to receive earned time. Dkt. 16, p. 6. The court found that the filing was second and successive under state law and would not be considered. *Id*.

Petitioner filed this current action and is seeking relief from the disciplinary hearing in which he lost 540 days of good conduct time. Dkt. 16, p. 1. Petitioner also contends that he did not receive all earned early release time credits on two stays at the Pierce County Jail. *Id*. The Report and Recommendation states that while one of the issues regarding jail earned time is arguably exhausted, both jail earned time issues are without merit. *Id*. The Report and Recommendation goes on to state that the Petitioner's claim for relief from the disciplinary hearing does not warrant federal habeas relief because the issue is a matter of state law, not a violation of any right guaranteed by the United States Constitution, and that any defect in the 1993 sanction was cured in 2009, when the person holding the functional equivalent of the

ORDER - 3

Director of the Division of Prisons approved the sanction. Dkt. 16, p. 2. Petitioner objects by arguing that both issues regarding jail earned time are legally exhausted, that the state laws created an expectation of earned early release, which in turn creates a liberty interest, and that due process was violated at the disciplinary hearing. Dkt. 17, p. 2-3, 5-6.

## II. DISCUSSION

As a preliminary matter, an evidentiary hearing is not required in this case because the Petitioner's claims rely on established constitutional law, he has not set forth any factual basis for his claim that could not have been previously discovered by due diligence, and the facts underlying his claims are insufficient to establish that no rational fact finder would have found him guilty of the crime.

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107 (1983). 28 U.S.C. §2254(a) explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." The United States Supreme Court has stated that federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**A. Earned Early Release**

The Report and Recommendation states that review of Petitioner's claim regarding earned early release is prevented because it is unexhausted. Dkt. 16, p. 8. It was explained that

ORDER - 4

1  Petitioner filed a personal restraint petition challenging not receiving earned time, loss of good
2  time, and sanctions. Dkt. 16, p. 4, 8. The petition was heard on the merits by the Washington
3  State Court of Appeals. *Id*. Afterwards, Petitioner filed a motion for reconsideration on only the
4  sanctions issue which was addressed by the Washington State Supreme Court. *Id*. Thus, the
5  Petitioner abandoned the other issues. Dkt. 16, p. 8. Moreover, when the Petitioner attempted to
6  revive the earned time issue with the filing of his third personal restraint petition, it was found to
7  be procedurally barred as second or successive. Dkt. 16, p. 4-5, 8.

8  The Report and Recommendation states that the earned time issue regarding 28 days of
9  earned time during his first stay at Pierce County Jail was exhausted, although, the Report and
10 Recommendation agreed with the state court's decision that the Petitioner failed to show that he
11 was prejudiced or entitled to more earned time. Dkt. 16, p. 8, 10.

12 Petitioner argues that his claims were exhausted and that he has a liberty interest in the
13 earned time. Dkt. 17, p. 2-5. However, even assuming that the Petitioner did exhaust his
14 remedies in state court, his petition would still fail.

15 An inmate has no constitutional right to be released before the expiration of a valid
16 sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1
17 (1979). Nor does an inmate have a federal constitutional right to reduction of a sentence through
18 good time or earned time credits. *Id*. at 8-11. Where a state chooses to credit an inmate and
19 actually shortens the sentence, the inmate has a liberty interest and the shortened sentence may
20 not be lengthened without due process of law. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

21 In this case, the Petitioner's sentence was not actually shortened. Petitioner argued that
22 he was entitled to additional earned early release credits. Since the Petitioner's sentence was not
23 actually shortened, there was no liberty interest created and his claim regarding additional earned
24 time does not rise to a constitutional level. For the foregoing reasons, the Report and
25 Recommendation as to the earned time credits should be adopted.

26 **B.  Good Time Credits**

27 The Report and Recommendation states that issues related to witness statements are
28 unexhausted because the petitioner did not address them to the state's highest court. The Report

and Recommendation goes on to state that the witness statements issues are frivolous on the merits as the statements were submitted in the form of infraction reports. Dkt. 16, p. 10. The Report and Recommendation states that the only issue remaining is whether the sanction was proper when it was not approved by the Director of the Division of Prisons. *Id*. The Report and Recommendation concludes that there is no constitutional right to an appeal from a disciplinary sanction or to have a sanction approved at the highest level of the DOC. *Id*. Petitioner objects to the Report and Recommendation by asserting that the state court misapplied state law and that his due process rights were violated. Dkt. 17, p. 6- 12.

The Court agrees with the Report and Recommendation. The Petitioner has not shown that he has a constitutional right to appeal a disciplinary sanction or to have it approved at the highest level of the DOC. While the Petitioner argues that he has a due process right, Washington State has not recognized such a right in disciplinary hearings. *See In re Cashaw*, 123 Wash.2d 138 (1994). Moreover, it appears that Petitioner had adequate due process since he was afforded a hearing regarding his infractions, he was allowed to administratively appeal his sanctions, and he was able to petition the Washington State Supreme Court which addressed the sanctions issue. Dkt. 16, p. 2-5. Also, the Washington State Supreme Court held that it was sufficient to obtain the Assistant Secretary's authorization regarding the sanctions. Dkt. 16, p. 5. For the foregoing reasons, the Report and Recommendation should be adopted.

**C. Certificate of Appealability**

A certificate of appealability may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Report and Recommendation states that the Petitioner is not entitled to a certificate of appealability with respect to this petition. Dkt. 16, p. 11. The Court agrees. There has been no showing that Petitioner has any constitutional claims. The Report and Recommendation should be adopted.

ORDER - 6

**III. ORDER**

The Court does hereby find and ORDER:

(1) the Report and Recommendation (Dkt. 16) is **ADOPTED**;

(2) the Petition for Habeas Corpus is **DENIED** and this case is **DISMISSED**; and

(3) The Clerk is directed to send copies of this Order to all counsel of record, any party appearing *pro se* at said party's last known address, and Magistrate Judge J. Richard Creatura.

DATED this 27th day of September, 2010.

/s/ Robert J. Bryan

Robert J. Bryan
United States District Judge